UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10742-GAO

RYAN GAMBOA,
Plaintiff,

v.

METROPCS MASSACHUSETTS, LLC. and
UNNAMED EMPLOYEES OF METROPCS,
Defendants.

OPINION AND ORDER
March 31, 2017

O'TOOLE, D.J.

Pending before this Court is the defendants' Rule 12(b)(6) motion, which the plaintiff has

opposed. The plaintiff, Ryan Gamboa, acting *pro se*, has brought several claims against MetroPCS

Massachusetts, LLC and unnamed employees of MetroPCS. Each cause of action arises out of the

allegation that the defendants provided state and local law enforcement with private information

and data from the plaintiff's cellular phone.[1]

I.      **Factual Background**

Defendant MetroPCS is a provider of pay-in-advance cellular phones, and the plaintiff is

one of its customers. The Complaint asserts that the defendants provided state and local law

enforcement with private information and data from the plaintiff's cellular phone without the

plaintiff's permission, exigent circumstances, or a valid search warrant, and in violation of the

---

[1] The claims are: (1) unfair and deceptive business practices under Mass. Gen. Laws ch. 93A, §9;
(2) breach of contract; (3) breach of implied covenant of good faith and fair dealing; (4) intentional
interference with advantageous business or contractual relationships; (5) invasion of privacy; (6)
violation of constitutional rights under Mass. Gen. Laws ch. 12, §§ 11H-I; (7) negligence; (8)
emotional distress and mental anguish; (9) loss of consortium; and (10) declaratory judgment.

terms of the plaintiff's contract with MetroPCS. The Complaint asserts that, as a result of the defendants having providing his private information to law enforcement, the plaintiff was subsequently arrested, convicted, and incarcerated based on information contained in those records.

## II.    Standard of Review

To survive a Rule 12(b)(6) motion, a complaint must allege facts that "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true," even if there is doubt about the truth of those allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). A complaint must also contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). Where, as here, the plaintiff is proceeding pro se, an even more liberal pleading standard is applied. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

Ultimately, the purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the statement of a claim for relief; it is not a procedure for resolving the facts or merits.

## III.    Discussion

The defendants' primary argument in their motion is that they are entitled to immunity because providers of electronic communication services and their employees have absolute immunity from suit under both Massachusetts and federal law for disclosing a customer's information to law enforcement in response to "a warrant, subpoena, [or] other statutory authorization." See 18 U.S.C. § 2703(e); Mass. Gen. Laws ch. 271, § 17B. The defendants assert that before they made any of the disclosures alleged in the complaint they were served with a subpoena, court order, or search warrant, thus entitling them to immunity. The defendants also

argue that the statute of limitations has expired on each of the tort based claims. Finally, the defendants assert that the Complaint has failed to sufficiently plead cognizable causes of action in Counts I, II, III, IV, and VI.

    A.    Incorporation of Documents Outside of the Complaint

The defendants argue that they are entitled to immunity from suit because they only disclosed the plaintiff's records after being legally compelled to do so. To support this assertion, the defendants submitted copies of subpoenas, search warrants, and court orders that requested the plaintiff's records.[2] In the defendants' Reply in Further Support of Its Motion to Dismiss (dkt. no. 33), they argue that the copies of the subpoenas, warrants, and court orders should be incorporated into the complaint. In response, the plaintiff asserts that the Court should not consider these documents because they were not referenced in the Complaint, and, if it did consider them, the pending motion should be converted into one for summary judgment and he should have the ability to conduct full discovery.

Generally, when ruling on a motion to dismiss, the court may not consider any documents not attached to or expressly incorporated into the complaint, unless that motion is converted into one for summary judgment. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). However, there are a few exceptions to this general rule. The court may incorporate into the complaint documents whose authenticity is not in dispute, official public records, and documents that are central to the plaintiff's claim. Id. (citations omitted).

---

[2] All of these documents were submitted as exhibits to the Declaration of Patricia A. Cauldwell in Support of MetroPCS Massachusetts, LLC's Motion to Dismiss. These documents purportedly required MetroPCS to produce information or data from the plaintiff's cellular phone, including call history (incoming, outgoing, and missed), text messages, and "any other logs/records/data stored . . . ." (See Cauldwell Decl. Ex. 2 at 2 (dkt. no. 11.)

The documents in question do not fall within any of those exceptions. A plain reading of the Complaint demonstrates that the allegation is that the plaintiff's cellular phone records were produced by MetroPCS before there was legal compulsion to do so. On a Rule 12(b)(6) motion, that assertion is provisionally taken to be true. Allowing these documents to be incorporated into the Complaint would be unfair to the plaintiff, who did not refer to these documents with any particularity, and these documents are not actually central to the claim, but rather central to a defense. See id. at 3–4.

I decline to convert the motion into a Rule 56 motion for summary judgment.

B.      Statute of Limitations on the Tort Based Claims

Under Massachusetts law, the three-year statute of limitations in tort actions begins to run at the time of the injury or when the injury becomes known to the plaintiff. Mass. Gen. Laws ch. 260, § 2A. "Under the discovery rule, a cause of action accrues when a person (1) knows or has sufficient notice that s/he was harmed; and (2) knows or has sufficient notice of the cause of harm." Lareau v. Page, 39 F.3d 384, 388 (1st Cir. 1994) (citation omitted).

The defendants argue that the statute of limitations on the Complaint's tort based claims expired because the action accrued on or before July 7, 2012, which is when the complaint alleges that the improper disclosure took place. The plaintiff counters by asserting that he did not become aware of the injury until September 21, 2015, which is when he received information from MetroPCS stating that none of his cellular phone records were produced under exigent circumstances. (Pl.'s Omnibus Opp'n to Defs.' Mot. to Dismiss 15 (dkt. no. 27).)

An affirmative defense, like the statute of limitations, may be raised when the facts establishing the defense are apparent in the pleadings. Trans-Spec Truck Servs., Inc., v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008) (citations omitted). When a motion to dismiss is based on

an assertion that the claims are time barred, a court will grant the motion only if the Complaint's own allegations leave no doubt that the statute of limitations has expired. Young v. Lepone, 305 F.3d 1, 8 (1st Cir. 2002) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)).

There is some doubt whether these claims are time barred. While the Complaint on its face indicates that they may be, the possibility of tolling precludes a rush to judgment. Considering that the plaintiff is acting *pro se*, it is appropriate to postpone inquiry into the timeliness of the action until relevant discovery on the issue has been had.[3]

C.    Causes of Action[4]

i.    *Count I: Unfair and/or Deceptive Business Practices*

The Complaint alleges that the defendants' disclosure of his private information violated Massachusetts General Laws Chapter 93A, Section 9. Chapter 93A provides a cause of action to any person who has been harmed by another's use or employment of any unfair or deceptive method, act, or practice. Mass. Gen. Laws ch. 93A, § 9. In order to state a successful claim the complaint must allege: "(1) a deceptive act or practice on the part of the defendant; (2) an injury or loss suffered by the consumer; and (3) a causal connection between the defendant's deceptive act or practice and the consumer's injury." Tyler v. Michaels Stores, Inc., 840 F. Supp. 2d 438, 448 (D. Mass. 2012) (citations omitted).

The statute does not define the terms "unfair" and "deceptive," but courts have found a practice or act to be unfair if it is (1) "within at least the penumbra of some common-law, statutory,

_____

[3] This Court would have granted the plaintiff leave to amend the complaint so that he could allege the date when he discovered that MetroPCS had injured him because, based on an alleged accrual date of September 2015, the claims in the amended complaint would be timely.

[4] The Court will not address Counts V, VII, VIII, IX, or X because the defendants have not challenged those claims on grounds other than immunity or statute of limitations.

or other established concept of unfairness;" (2) is "immoral, unethical, oppressive, or unscrupulous;" or (3) "causes substantial injury to consumers (or competitors or other businessmen)." PMP Assocs., Inc. v. Globe Newspaper Co., 321 N.E.2d 915, 917 (Mass. 1975).

Here, the Complaint, which includes the 93A demand letter sent to MetroPCS, alleges that the defendants violated their contract by impermissibly disclosing the plaintiff's private information to the authorities, and, as a result of that disclosure, he was harmed. (See Compl. ¶¶ 22–24 (dkt. no. 1).) Massachusetts courts have consistently required unfair or deceptive practices to be more than a "mere breach of contract, but rather must show misconduct rising to the level of commercial extortion or a similar degree of culpable conduct." See Lam v. PNC Mortg., 130 F. Supp.3d 429, 435–36 (D. Mass. 2015) (quoting Commercial Union Ins. Co. v. Seven Provinces Ins. Co., Ltd., 217 F.3d 33, 40 (1st Cir. 2000) (internal quotations omitted)). The Complaint alleges a breach of contract that resulted in a violation of Gamboa's right to privacy, Mass. Gen. Laws ch. 214, §1B. That is sufficient for present purposes.

ii.     *Count II: Breach of Contract*

The Complaint asserts that defendants breached the cellular telephone contract it had with the plaintiff and his family. (Compl. ¶ 11.) Specifically, it assets that the defendants breached their obligation not to disclose his information or data without proper cause or legal compulsion. The defendants argue the Complaint fails to allege that there was a contract, and also that no contract ever existed between MetroPCS and the plaintiff. Both of these arguments are unconvincing.

In order to state a claim for a breach of contract in Massachusetts, the complaint must allege that "there was a valid contract, that the defendant breached its duties under the contractual agreement, and that the breach caused the plaintiff damage." Bosque v. Wells Fargo Bank, 762 F.

Supp. 2d 342, 351 (D. Mass. 2011) (citation and quotation marks omitted). A valid contract exists if there is an offer, acceptance, and an exchange of consideration. Id.

Here, the Complaint states that "MetroPCS breached the cellular telephone contract with Gamboa" by providing law enforcement with his private information, (Compl. ¶ 11), and as a result of that contract breach the plaintiff suffered harm. Under the more liberal pleading standard afforded to *pro* se litigants, this is sufficient to state a claim for breach of contract.

iii.    *Count III: Breach of Implied Covenant of Good Faith and Fair Dealing*

The Complaint alleges that the defendants violated the implied covenant of good faith and fair dealing when the defendants breached the terms of the contract by impermissibly disclosing the plaintiff's information to the authorities.

In Massachusetts, every contract "imposes an obligation of good faith and fair dealing in its performance and enforcement," and this covenant is that "neither party shall do anything that will have the effect of destroying or injuring the rights of the other to receive the fruits of the contract." Lechoslaw v. Bank of Am., N.A., 575 F. Supp. 2d 286, 296–97 (D. Mass. 2008) (citations omitted). This covenant is intended to ensure "that the parties remain faithful to the intended and agreed expectations of the contract" and that neither party will do anything that will prevent the other party from receiving the benefits of the contract. See Liss v. Studeny, 879 N.E.2d 676, 680 (Mass. 2008) (citations omitted).

Here, the Complaint sufficiently alleges that there is a contract between the plaintiff and defendants that requires the defendants to protect the plaintiff's personal information by not disclosing it to authorities without being compelled to do so. The plaintiff clearly has an expectation that his cellular phone data would be kept confidential and that expectation was

violated when the defendants provided the records to law enforcement officials. The Complaint sufficiently states a claim for a breach of the implied covenant of good faith and fair dealing.

iv.    *Count IV: Intentional Interference with Advantageous Business or Contractual Relationships*

The Complaint alleges that the defendants intentionally interfered with the plaintiff's advantageous or contractual relationship of being on MetroPCS' family plan contract when they disclosed his information to law enforcement officials. In order to assert a claim for intentional interference with contractual or business relations, the complaint must allege "(1) the existence of a contract or a business relationship [with a third party] which contemplated economic benefit; (2) the defendants' knowledge of the contract or business relationship; (3) the defendants' intentional interference with the contract or business relationship for an improper purpose or by improper means; and (4) damages." See Swanset Dev. Corp. v. Taunton, 668 N.E.2d 333, 338 (Mass. 1996).

Here, the Complaint does not allege facts that show or suggest that the plaintiff had a contractual or business relationship with a third party that the defendants' interfered with, a necessary element of the tort. This claim is dismissed.

v.    *Count VI: The Massachusetts Civil Rights Act*

The Complaint alleges that MetroPCS violated the plaintiff's civil rights by means of threats, intimidation, or coercion when it disclosed his cellular phone data to law enforcement officials. The plaintiff brings this claim under Massachusetts General Laws Chapter 12, Section 11I and 11H. The defendants argue that the Complaint does not allege or even suggest information sufficient to plead this claim and that it only contains a general recitation of the elements of the cause of action.

While only the Massachusetts Attorney General may bring a claim under Section 11H, Section 11I allows an individual to bring a civil action for violations described in Section 11H. See Mass. Gen. Laws ch. 12, §§ 11I, 11H. In order to establish a claim under this cause of action, a plaintiff must allege that "(1) [his or her] exercise [or] enjoyment of rights secured by the Constitution or the laws of either the United States or the Commonwealth, (2) have been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by threats, intimidation or coercion." Bazinet v. Thorpe, 190 F. Supp. 3d 229, 238 (D. Mass. 2016) (citations omitted).

Here, the Complaint is devoid of any allegation that asserts or even suggests that the defendants interfered with the plaintiff's rights through threats, intimidation, or coercion. The Complaint merely recites the elements of this claim and offers nothing more to support it. It is dismissed.

## IV.   Conclusion

For the foregoing reasons, the defendants' motion to dismiss (dkt. no. 9) is GRANTED with respect to Counts IV and VI, and DENIED with respect to the remaining counts.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

9