UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10742-GAO

RYAN GAMBOA,
Plaintiff,

v.

METROPCS MASSACHUSETTS, LLC and
UNNAMED EMPLOYEES OF METROPCS,
Defendants.

OPINION AND ORDER
January 11, 2018

O'TOOLE, D.J.

Pending before this Court is the defendants' motion for summary judgment, which is unopposed.[1] The plaintiff brought several Massachusetts state law claims against MetroPCS Massachusetts and its unnamed employees based on allegations that they unlawfully provided law enforcement with private information and data concerning his use of a cellular phone subscribed to from MetroPCS. The defendants admit that they provided such information but did so only after being served with authorized subpoenas and search warrants. Accordingly, they assert that each of the plaintiff's claims is barred by civil immunity provisions under 18 U.S.C. § 2703(e) and Massachusetts General Laws Chapter 271, section 17B. The defendants' argument is meritorious and their motion for summary judgment is accordingly granted.

---

[1] A status conference was held on September 11, 2017, at which the plaintiff was personally present. Counsel for the defendants stated an intention to move for summary judgment within two to three weeks. The present motion was filed on September 29, 2017, and, as of the date of this order, the plaintiff has not filed any opposition nor asked this Court for additional time to do so.

Although the plaintiff has not filed any opposition, the motion cannot be automatically granted. Rather, the Court must review the record, making all reasonable inferences in favor of the plaintiff, see Perez-Cordero v. Wal-Mart P.R., 440 F.3d 531, 533–34 (1st Cir. 2006), to determine whether the defendants have met their burden of establishing undisputed facts entitling them to summary judgment as a matter of law, see NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7–8 (1st Cir. 2002). However, "[m]aterial facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties." L.R. 56.1. The facts presented by the defendants, (see Mem. of Law in Supp. of MetroPCS' Mot. for Summ. J. 2–4 (dkt. no. 54); Decl. of Randall Thompson in Supp. of MetroPCS Massachusetts, LLC's Mot. for Summ. J. (dkt. no. 55)), are here deemed admitted because the plaintiff has not disputed or contradicted them.

Based on the undisputed material facts, each of the plaintiff's claims is barred by the statutory immunity conferred upon MetroPCS and its employees under 18 U.S.C. § 2703(e) and Mass. Gen. Laws ch. 271, § 17B. Section 2703(e) provides explicit immunity from civil lawsuit for providers of electronic communications services, such as MetroPCS, and their employees, who supply "information . . . in accordance with the terms of a court order, warrant, subpoena, statutory authorization, or certification under this chapter." The undisputed facts demonstrate that from July 7 to July 23, 2012, MetroPCS received grand jury subpoenas, search warrants, and court orders compelling it to produce subscriber information and data for a cellular phone number belonging to the plaintiff.[2] It appears from the undisputed summary judgment record, that the defendants first

---

[2] MetroPCS received a grand jury subpoena on July 7, 2012, (Decl. of Randall Thompson, Ex. 2), two search warrants dated July 10, 2012, (Id., Exs. 3, 4), two court orders from the Superior Court

provided the requested information to law enforcement on July 25, 2012, in response to a grand jury subpoena dated July 23, 2012. MetroPCS also responded to the July 7, 2012, subpoena on August 2, 2012, by producing responsive documents.

It appears that Massachusetts also immunizes common carriers and their employees from liability for providing law enforcement with records or information relevant to an ongoing criminal investigation if a subpoena requesting those records is served upon the company. M.G.L. ch. 271, § 17B. Consequently, it appears from the record that the defendants also qualify for immunity under § 17B.

In sum, the defendants have immunity from all the plaintiff's claims, and the defendants' motion for summary judgment as to all claims is GRANTED. The Clerk will enter judgment for the defendants and close the case.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

of the County of Bristol, Massachusetts, dated July 10, 2012, (Id., Exs. 5, 6), and a grand jury subpoena dated July 23, 2012, (Id., Ex. 7).